NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN MURALLES, | Civil Action No.: 11-3738 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| CLIENT SERVICES, INC. AND CREDIT FIRST NATIONAL ASSOCIATION, | |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion to dismiss Plaintiff Juan Muralles' ("Plaintiff" or "Muralles") action by Defendant Client Services, Inc. ("Defendant" or "Client Services"), pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket Entry No.3]. The Court has considered the submissions made in support of and in opposition to the instant motion and decides the matter without oral argument. Fed. R. Civ. P. 78. Plaintiff's claims arise out of Defendant's attempts to collect a consumer debt. Defendant seeks to dismiss all Fair Debt Collection Practices Act ("FDCPA") claims asserted in Plaintiff's Complaint, which claims are brought under the FDCPA, 15 U.S.C. § 1692, et seq. Defendant does not mention Plaintiff's claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et. seq., so this Opinion will not consider them for the purposes of Defendant's motion to dismiss.

For the reasons that follow, Defendant's motion to dismiss is granted in part and denied in part. Plaintiff's claims for furnishing deceptive forms under § 1692j of the FDCPA are dismissed without prejudice. Plaintiff has thirty (30) days in which to amend such claims to cure

the pleading deficiencies addressed herein.  Plaintiff's §§ 1692c and 1692g of the FDCPA as well as its claim under § 1681s-2 of the FCRA may proceed at this time.

## I.  BACKGROUND

Plaintiff's Complaint states that on June 16, 2010, Defendant Client Services sent Plaintiff an initial contact letter which named Credit First National Association ("CFNA"), Plaintiff's original creditor, as a creditor to Plaintiff's debt.  (Compl., ¶¶ 8-10).  Prior to receipt of Defendant Client Services' letter, Plaintiff's counsel had sent a client representation letter to Plaintiff's original creditor, Credit First National Association.  (Id. at ¶ 9).  Plaintiff alleges that the terms used in the letter placed Defendant Client Services in violation of the FDCPA in two respects: 1) it was a communication in connection with debt collection with the Plaintiff when the debt collector knew or should have known Plaintiff was represented by an attorney with respect to such debt (§ 1692c); and 2) the communication was unlawfully designed and furnished to create a false belief in Plaintiff that a person other than the creditor of Plaintiff was participating in the collection when in fact such collector was not so participating (§ 1692j).

Subsequent to receiving Defendant's initial contact letter, Plaintiff sent a letter responding to Defendant to dispute the debt ("disputation letter")(Id. at ¶ 13).  Despite Plaintiff having sent this letter, Defendant Client Services failed to validate the debt with Plaintiff while continuing to charge interest and other assorted fees.  (Id. at ¶ 14).  This failure to validate, Plaintiff alleges, constituted a violation of the FDCPA.

Separate from its FDCPA claim, Plaintiff also alleges facts in violation of the FCRA.

After Plaintiff sent the disputation letter to Defendant Client Services, Client Services and/or Credit First National Association furnished credit information to a credit reporting agency which did not reflect the existence of Plaintiff's claimed dispute. (Id. at ¶ 13, 4). That Defendant made inaccurate or incomplete reporting to consumer reporting agencies is alleged by Plaintiff to be in violation of § 1681s-2 of the FCRA (Id. at 4).

Defendant now moves to dismiss Plaintiffs' cause of action generally as to all FDCPA claims, and more specifically as regards Defendant's failure to advise whether Defendant was assigned or purchased Plaintiff's debt under FDCPA § 1692g. Defendant does not address Plaintiff's inaccurate or incomplete reporting claim under § 1681s-2 of the FCRA.

## II.  LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard is not akin to a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully"; mere consistency with liability is insufficient. Id. In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949.

Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). It may not take into account additional facts asserted in a memorandum opposing such a motion to dismiss since such memoranda do not constitute pleadings under Federal Rule of Civil Procedure 7(a). Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988).

The burden of proof for showing that no claim has been stated is on the moving party. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005)(citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). During a Court's threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002). In general, the Federal Rules of Civil Procedure should be construed liberally so as to encourage ruling on the merits instead of technicalities: "This liberality is expressed throughout the Federal Rules of Civil Procedure and is enshrined in a long and distinguished history . . . . An inadvertant mistake in pleading will not be held against the pleader if another party has not been misled by the mistake or otherwise prejudiced." Lundy v. Adamar of New Jersey, 34 F.3d 1173, 1186 (3d Cir. 1994). Further, courts will not dismiss for failure to state a claim merely because the complaint miscategorizes legal theories or does not point to an appropriate statute or law to raise a claim for relief. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 909 n.10 (1990); Common Cause v. Pennsylvania, 558 F.3d 249 (3d Cir. 2009). With this framework in mind, the Court turns now to Defendant's motion.

### III.  DISCUSSION

Defendant Client Services seeks dismissal of all claims in Plaintiff's Complaint on two grounds: (1) Plaintiff failed to assert any violations of the FDCPA; and (2) Plaintiff's validation claim under § 1692g fails because Defendant's initial contact letter was in full compliance of that section's statutory requirements. (Def.'s Mem. Supp. Mot. Dismiss at 1). Defendant does not address Plaintiff's inaccurate or incomplete reporting claim under § 1681s-2 of the FCRA.

### 1.  All FDCPA CLAIMS

#### a.  FDCPA § 1692c Claim

Section 1692c(a) of the FDCPA provides that:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

Plaintiff's Complaint asserts a claim under § 1692c based on Defendant's communication with Plaintiff, through an initial contact letter, which occurred despite the statutory prohibition on a debt collector to so communicate when the collector knows the consumer is represented by an attorney. (Compl. at 2-3). This claim is not explicitly challenged in Defendant's current motion, but is addressed in Defendant's assertions that "Plaintiff does not aver any other violations of the FDCPA" beyond Defendant's failure "to advise whether it was assigned or purchased the debt." (Def.'s Mem. Supp. Mot. Dismiss at 1). Plaintiff, however, maintains in his Complaint that Plaintiff's counsel had sent a client representation letter to Credit First National Association (Compl., ¶ 9), and that Client Services' initial contact letter listed CFNA as

Plaintiff's creditor.  (Id. at ¶ 11).  While it is law in this Circuit that a consumer must demonstrate actual knowledge by a debt collector of consumer's representation by counsel for successful relief in an action, Hubbard v. National Bond & Collection Assoc., Inc., 126 B.R. 422 (Bankr. D. Del. 1991), aff'd without op., 947 F.2d 935 (3d Cir. 1991), it is premature at this stage for this Court to address whether Plaintiff's claim will so succeed.  Rather, the Court must only determine whether there is sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

Having carefully reviewed the allegations set forth in Plaintiff's Complaint, the Court does not agree that Plaintiff's § 1692c claim fails to meet the pleading requirement of Rule 8(a).  Accepting Plaintiff's factual allegations as true and drawing reasonable inferences in favor of Plaintiff, it is plausible that Plaintiff, having retained counsel as he now does, would have sent a client representation letter to a creditor, and should a debt collector agency take on the collection of that debt from another creditor, it is also plausible that such a collector would be aware of legal disputes or proceedings related to the original debt.  Defendant's motion to dismiss Plaintiff's claims under FDCPA §1692c is thus denied.

### b. FDCPA § 1692j Claim.

Section 1692j(a) of the FDCPA provides that:

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

Section 1692j(b) of the FDCPA provides that:

> Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 1692k of this title for failure to comply with a provision of this subchapter.

Plaintiff's Complaint asserts a claim under § 1692j based on the listing of CNFA on Defendant's initial contact letter without disclosing the relationship between Defendant and Plaintiff's original creditor, CNFA. (Compl., ¶ 11). In so doing, Plaintiff alleges, Defendant "impl[ied] that CFNA still owns this account as is part of the collection process," and "[i]f this information is not true then Client Services has violated the FDCPA." (Id.) Additional factual allegations in the Complaint point to an "internal reference number" listed on Defendant's initial contact letter to Plaintiff "which the consumer has no knowledge of what it may refer to." (Id. at ¶ 12). The Court also notes that Plaintiff's Opposition to Defendant's motion indicates that, in Defendant's initial contact letter to Plaintiff, the letter states that it is in reference to "Autopass store at CFNA," and that Plaintiff's account "has been placed with our organization for payment in full." (Opp. to Def. Mt'n at 2). While Plaintiff's claim under § 1692j is not explicitly challenged in Defendant's current motion, it is addressed in Defendant's assertions that "Plaintiff does not aver any other violations of the FDCPA" beyond Defendant's failure "to advise whether it was assigned or purchased the debt." (Def. Br. at 1).

This Court must determine whether the assertions in Plaintiff's Complaint allows the court to draw the reasonable inference that Defendant's initial contact letter was knowingly designed, furnished, or delivered by Defendant when it knew or should have known that it would be used to create the false belief in the "least sophisticated consumer" that the debt had been turned over from CNFA to Defendant for the purpose of collection, and that Defendant was not actually involved in collecting the debt. Having carefully reviewed the allegations set forth in Plaintiff's Complaint, the Court agrees that Plaintiff's § 1692j claim fails to meet the pleading requirement of plausibility under Rule 8(a). Plaintiff only asserts that it is possible that Client

Services, CFNA, or both, were not actually participating in collecting Plaintiff's alleged debt since both parties were listed in the letter. It is thus possible that either entity is not acting as a debt collector, and that does not satisfy Plaintiff's burden of pleading her claim with sufficient particularity. Plaintiff doesn't allege or provide any information about the relationship between Client Services and CFNA so as to allow the Court to ascertain the plausibility of Client Service's involvement in that debt. Further, Plaintiff provides evidence in his Opposition to Defendant's motion that indicates Client Services' explicit statement that the debt was to be paid to them "in full," contradicting Plaintiff's conclusory statements that Client Services intended to create "a false belief regarding who is actually collecting the debt." (Pl. Opp. to Def. Mot. at 2). This Court therefore finds that Plaintiff has failed to raise a right to relief on this claim to a sufficient level of plausibility, and Defendant's motion to dismiss Plaintiff's claim under § 1692j is thus dismissed without prejudice. To the extent that such a claim can be remedied by an amendment, the Court will afford Plaintiff thirty (30) days from the entry of the attached Order to file an Amended Complaint which cures the pleading deficiencies addressed herein. Plaintiff's failure to file such an Amended Complaint by such date will result in the dismissal of Plaintiff's breach of contract claim with prejudice.

### c.  FDCPA §§ 1692d and 1692e(10)

Plaintiff's Opposition to Defendant's Motion to Dismiss asserts two additional claims not filed in Plaintiff's original pleadings, namely claims under FDCPA §§ 1692d for harassment and abuse and 1692e(10) for false and misleading representations. In its consideration of a motion to dismiss, a court may only consider pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice. "It is

axiomatic that the complaint may not be amended by the briefs in opposition to the motion to dismiss." Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173 (3d Cir. 1988)(citing Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)).  Amendment and supplementation of pleadings before trial is governed by Federal Rule of Civil Procedure 15(a).  The Court will thus not consider Plaintiff's claims under FDCPA §§ 1692d and 1692e(10) at this time.

**2. FDCPA § 1692g CLAIM**

Client Services seeks dismissal of Plaintiff's debt validation claim on the basis that it fully complied with FDCPA § 1692g statutory requirements in its initial contact letter with Plaintiff.  Defendant was thus not obligated to send an additional written notice within five days of the initial communication.  In particular, Client Services argues that "[a]ll of th[e] information [required under § 1692g(a)] was contained in the initial June 10, 2010 correspondence," and that "[a]t no time during the aforementioned thirty day period did plaintiff contact defendant for any reason.  Accordingly, defendant CSI fully complied with the requirements of Section 1692(g)." (Def.'s Mem. Supp. Mot. Dismiss at 4).  Plaintiff, on the other hand, maintains that: (1) Plaintiff sent a letter disputing the debt to Client Services; and (2) Client Services "failed to validate the debt, ignoring the debt validation request while continuing to charge without justification interest and other assorted fees." (Compl., ¶¶ 13-14).

Section 1692g(a) requires that,

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
>
> (1) the amount of the debt;

9

> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

18 U.S.C. § 1692g(a). Plaintiff does not directly dispute whether Defendant's initial contact letter met the requirements listed under 1692g(a). Rather, Plaintiff asserts that, subsequent to Plaintiff's notification of its disputation of the debt with Defendant, Defendant failed to validate the debt. Section 1692g(b) of the FDCPA defines a debt collector's obligations upon consumer notification of a consumer's dispute as follows:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of the judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

18 U.S.C. § 1692g(b). Defendant denies every having received such a disputation letter (Def.'s Mem. Supp. Mot. Dismiss at 4). However, for the purposes of the instant motion, this Court is required to view Plaintiff's factual allegations in the light most favorable to Plaintiff, the non-moving party. It would be premature at this time to determine whether a disputation letter sent by Plaintiff triggered statutory obligations on Defendant based solely on the pleadings. Defendant's motion to dismiss this claim on such a basis is, therefore, denied.

IV.     CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted in part and denied in part.  Plaintiff's claims for furnishing deceptive forms under § 1692j of the FDCPA are dismissed <u>without</u> prejudice.  Plaintiff has thirty (30) days in which to amend such claims to cure the pleading deficiencies addressed herein.  Plaintiff's §§ 1692c and 1692g of the FDCPA as well as its claim under § 1681s-2 of the FCRA may proceed at this time.


DATED: September 1, 2011                    /s/ Jose L. Linares
                                            United States District Judge